246 So.2d 415

**CRUTCHER DENTAL SUPPLY CO., Inc.**

**v.**

**Harvey Lee RABREN, as Commissioner of Revenue, etc., et al.**

**3 Div. 372.**

Supreme Court of Alabama.

March 4, 1971.

James W. Aird, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., Willard W. Livingston, Asst. Atty. Gen. and Counsel, Dept. of Revenue; B. Frank Loeb, Asst. Atty. Gen., and Asst. Counsel, Dept. of Revenue, Montgomery, for appellee.

Goodwyn, Smith & Bowman and Charles M. Crook, Montgomery, for appellee-intervenor Alabama Dental Assn.

Jones, Murray, Stewart & Varner, Montgomery, for appellee-intervenor Dental Laboratory Assn. of Alabama.

COLEMAN, Justice

A taxpayer appeals from an adverse decree in a proceeding wherein taxpayer sought to have the court declare illegal and void a regulation adopted by the Commissioner of Revenue of the State of Alabama.

The taxpayer is engaged in the business of selling to dental laboratories in Alabama certain materials which are used by the laboratories in making or manufacturing dental appliances or prostheses such as artificial teeth. Taxpayer is sometimes referred to as a dental supply house or supplier. The laboratory makes the appliance on prescription from a dentist and the article made by the laboratory is delivered to the dentist, who in turn delivers the article and fits it into the mouth of the patient.

. Taxpayer also sells the same material to some dentists who themselves make such appliances for their patients without sending the prescription to a laboratory.

The regulation under attack is Number P18–129,[1] which was adopted May 18,

---

1. As pertinent, P18–129 recites:
"P18–129
"*Dentists, Dental Laboratories, and Dental Supply Houses*
"Dentists or dental laboratories primarily render services and incidentally use tangible personal property in connection therewith. Gross receipts of dentists or dental laboratories derived from these sources are not subject to the sales tax.

. . . .

"Dental supply houses engaged in the business of selling tangible personal property such as platinum, gold, silver or cement for fillings, artificial teeth or other such materials to dentists or dental laboratories for use in the performance of such services are making sales at re-

1967. The effect of P18–129 is to impose on taxpayer the liability to collect from its customers and to pay over to the state the amount of sales tax imposed by law on retail sales of material sold by taxpayer to its customers, the dentists and laboratories.

Taxpayer's argument is that the sales made by taxpayer to dentists and laboratories are wholesale sales, not retail sales, and, therefore, taxpayer is not liable to collect and pay over to the state the tax which is imposed by law on retail sales of the materials mentioned to laboratories and dentists.

The trial court declared that P18–129 is valid and that taxpayer is liable for sales tax on sales made by taxpayer to dentists and laboratories which are not barred by the applicable three-year statute of limitations.

Certain related events occurred prior to the commencement of the instant suit. Some understanding of these prior events is helpful to an understanding of the case.

Laws imposing a tax on retail sales in Alabama were enacted in 1939 or a comparatively short time before that year. Since that year, the statute has been amended many times, but we do not understand that any of the amendments has made any material change in the provisions which are material to the issues presented in the instant case.

The tax is levied, and shall be collected as provided by the statute, on " . . . . every person . . . . engaged . . . . in business of selling at retail any tangible personal property whatsoever . . . . " Title 51, § 786(3) (a), 1958 Recompilation of 1940 Code, 1969 Pocket Parts.

"(i) . . . . The term 'wholesale sale' shall include a sale of tangible personal property . . . . to a manufacturer . . . . which enters into and becomes an ingredient or component part of the . . . . products which he manufactures or compounds *for sale* . . . .

"(j) The term . . . . 'retail sale' shall mean all sales . . . . except those above defined as wholesale sales. . . . . The term . . . . 'retail sale' shall also mean . . . . the . . . . use or consumption of any tangible personal property by anyone who purchases same at wholesale . . . . except property which enters into and becomes an ingredient or component part of . . . . products manufactured or compounded *for sale* . . . .; and such wholesale purchaser shall report and pay the taxes thereon. . . . ." (Emphasis Supplied) Title 51, § 786(2) (i) and (j), 1958 Recompilation of 1940 Code, Pocket Parts 1969.

Taxpayer contends, as we understand the argument, that sales of materials made by taxpayer to laboratories and dentists are wholesale sales because the laboratories and dentists use the materials in the manufacture of dental prostheses and the materials become an ingredient or component part of the prostheses which are manufactured by the laboratories and the dentists for the patients of the dentists. We hold that the sales by taxpayer to laboratories and dentists are not wholesale sales because the articles manufactured by the laboratories and dentists are not manufactured *"for sale,"* as the words *"for sale"* are used in the sales tax statute. This holding rests upon two previous decisions of this court hereinafter referred to.

On March 1, 1939, the Commissioner of Revenue adopted Regulation R28–012,[2]

---

tail within the Sales and Use Tax Laws and incur a liability for the tax. This is true whether dental supply houses sell materials to a dentist whose services are rendered directly to a patient, or to a dental laboratory that uses them in producing plates, bridgework, artificial teeth or prosthetic devices on prescription of a

dentist, who then uses the latter items in connection with rendering dental services. . . . ."

2. As pertinent, R28–012 recites: "Dentists or dental laboratories primarily render services and incidentally use tangible personal property in connection there-

which is substantially identical with Regulation P18–129, supra, adopted on May 18, 1967.

Regulation R28–012 is to effect that the sale of material for making artificial teeth, etc., by dental supply houses to laboratories and dentists are retail sales and imposes on dental supply houses the duty to collect and remit to the state the sales tax due on such sales. Regulation R28–012 remained in effect for twenty-two years until the Commissioner adopted Regulation P18–131,[3] on March 9, 1961.

with. Gross receipts of dentists or dental laboratories derived from these sources are not (within) the Sales Tax Act.

"Dental supply houses engaged in the business of selling tangible personal property such as platinum, gold, silver or cement for fillings, artificial teeth or other such materials to dentists or dental laboratories for use in the performance of such services are making sales at retail within the Act and incur a liability for the tax. This is true whether dental supply houses sell materials to a dentist whose services are rendered directly to a patient, or to a dental laboratory that uses them in producing plates, bridgework, artificial teeth or prosthetic devices on prescription of a dentist, who then uses the latter items in connection with rendering dental services. . . . ."

3. Regulation P18–131 recites:

*"Dentists, Sales Made by*

"Sales at retail of dental appliances such as, but not limited to, dental plates and dental bridges are subject to the tax levied by Act No. 100 of the Second Special Session of the Legislature of 1959. Dentists making such sales are liable for tax measured by the gross proceeds therefrom. Dentists may not deduct from gross proceeds of sales of dental appliances any part of the cost of the dental appliances sold, the cost of materials used, labor or service cost, or any other expenses whatsoever in arriving at the measure of the tax. This rule shall apply with respect to both dental appliances manufactured by the dentist and to dental appliances purchased by him from dental laboratories or from other manufacturers. This rule shall apply to retail sales of dental appliances regardless of whether or not such appliances are prescribed and fitted by the vendor.

"Under this rule where the dentist has exercised professional skill in making an examination and as a result of such examination has prescribed a dental appliance he may contract with his customer for the sale of the dental appliance separate and apart from his use of professional skill in making the examination, in which case the charge for the professional service performed shall not be included in the measure of the sales tax to be paid. Proof of a separate sales contract shall rest upon the dentist. Where the dentist does make a separate contract to sell a dental appliance and also perform a professional service in connection therewith he shall state separately the sales price of the dental appliance and the amount of his charge for professional service in his billing to his customer and on his books. Where an invoice is not rendered showing such separated charges and where the books and records of the dentist do not show such separate charges the total receipts from the transaction will be used as the measure of the tax to be paid.

"It shall be the duty of every person engaging in the business of selling dental appliances to keep and preserve suitable records of gross sales, gross proceeds of sales and gross receipts or gross receipts of sales of such business and such other books or accounts as may be necessary to determine the amount of tax for which he is liable. And, it shall be the duty of every person to keep and preserve, for a period of three years all invoices of goods, wares and merchandise purchased, for resale or otherwise, and all such books, invoices and other records shall be open for examination at any time, by the Department.

"In no event may the vendor, for the purpose of computing sales tax liability, deduct from his receipts any part of the cost to him of tangible personal property resold, including overhead costs in connection therewith or any part of the charge made to cover the cost of manufacturing or for otherwise preparing such property for sale. A vendor may not, under the guise of separating charges for professional services from receipts from sales of tangible personal property reduce the stated sales price of the property sold below a reasonable and realistic market value.

"Dentist (Sic: Dentists) who do not sell dental appliances or otherwise engaged in the business of selling tangible personal property are not required to pay sales tax."

In effect, Regulation P18–131 imposed on dentists the duty to collect and remit to the state sales tax on the "sale" of artificial teeth to patients. On the same date, March 9, 1961, the Commissioner adopted Regulation P18–132,[4] which declared that dental supply houses sell to laboratories and dentists at wholesale the materials used to make dental prostheses. Also, on March 9, 1961, the Commissioner adopted Regulation P18–133,[5] which declares that sales of prostheses by laboratory to dentist are wholesale sales. The 1961 regulations purported to relieve the supply houses and the laboratories from the duty to collect the sales tax on prostheses and to place that duty on the dentists.

The dentists challenged the validity of the 1961 regulation imposing the tax on dentists, and this court, in Haden v. McCarty, 275 Ala. 76, 152 So.2d 141, held Regulation P18–131 invalid in requiring dentists to pay to the state ". . . . a sales tax on purported 'sales' at retail of dental prosthetics such as, but not limited to, dental plates and bridges." The opinion was delivered April 11, 1963.

On September 9, 1963, the Commissioner adopted an amendment to Regulation P18–133[6] which, in effect, imposed on laboratories the duty to collect and remit to the state the tax on sales of dental prostheses by laboratories to dentists. In Hamm v. Proctor, 281 Ala. 54, 198 So.2d 782, this court held amended Regulation P18–133 invalid in imposing on laboratories the duty to collect and remit to the state the tax on

sales of prostheses by laboratories to dentists. Opinion was delivered May 5, 1967.

On May 18, 1967, the Commissioner rescinded Regulations P18–131, P18–132, and P18–133 and adopted P18–129, which is now challenged by taxpayer in the instant case. The regulations have traveled the full circle and are now back to the position which was first taken in 1939 and was followed for twenty-two years thereafter.

We are not persuaded that we should overturn or modify the holdings in either *McCarty* or *Proctor*. In *McCarty,* the trial court held, and this court approved, the proposition that dentists are not engaged in merchandising, and that the supplying of prostheses is incidental to the professional service rendered by the dentist to the patient. The consequence of this proposition is that the prosthesis made by the dentist for the patient is not an article manufactured "for sale" as the term "for sale" is used in the sales tax statute; and, therefore, the sale by taxpayer to the dentist is not a wholesale sale but is a retail sale and subject to sales tax which the taxpayer, the dental supply house, must collect from the dentist. It follows that the supplying of the prosthesis by the dentist to the patient is not a "retail sale."

In *Proctor,* the laboratory is held, in effect, to be an extension of the arm of the dentist or an extension of his office, and the laboratory is in the same position as the dentist who makes a set of artificial teeth for the individual patient. The result is that the making of the prosthesis is not

4. As pertinent, Regulation P18–132 recites:
"Dental supply houses sell to dentists and to dental laboratories at wholesale, tax free, the materials which become components of the dental appliances the dentists and dental laboratories manufacture for sale."

5. As pertinent, Regulation P18–133 recites:
"Dental laboratories sell to dentists at wholesale, tax free, dental appliances which are resold by the dentists. The term *dental appliances* as used herein is intended to mean and include dental plates, dental bridges and other fabricated

articles which will pass from the dentists to their patients in substantially the form in which they are received by the dentists. . . . . "

6. As pertinent, the 1963 amendment recites:
"Dental laboratories sell to dentists at retail, subject to tax, dental prostheses or appliances which are used or consumed by the dentist in rendering professional services to patients. Therefore, dental laboratories purchase at wholesale, tax free, materials that become a component of dental prostheses or appliances manufactured for sale."

a manufacturing "for sale" under the sales tax act.

We will not repeat at length what this court said in *McCarty* and *Proctor*. The two cases hold that the use of material by dentist and laboratory in making the prosthesis is a consumption incident to rendering professional service and not a manufacture for sale any more than the preparation and production of a deed or a will or a lengthy brief by a lawyer for a client would be a manufacture of the instrument for sale. Such a holding may not appear to be strictly logical from a purely theoretical viewpoint, but, in the light of experience, we are of opinion that the holding is reasonable.[7]

In both *McCarty* and *Proctor*, this court observed that the 1939 Regulation had been followed for twenty-two years, and that the sales tax statute had been amended many times without change in the particulars with which we are here concerned. We say again that reenactment of the statute without material change in the provisions here pertinent "may be considered as a legislative approval of the departmental construction." (275 Ala. at 79, 80, 152 So. 2d 143)

█ The trial court did not err in holding Regulation P18–129 valid.

The trial court further declared that taxpayer is liable for all sales tax accrued for sales of material to dentists and laboratories and used or consumed by them which are not barred by the three-year statute of limitations. As we understand, taxpayer is now held liable for tax on sales of materials sold by taxpayer to laboratories and dentists during the period of time when the 1961 and 1963 Regulations purported to be in effect and were being followed by taxpayer. We understand further that taxpayer relied on the 1961 and 1963 Regulations which state that sales by taxpayer to laboratories and dentists were wholesale sales, and that taxpayer did not collect sales tax from laboratories and dentists on sales made during the period when the

1961 and 1963 Regulations apparently relieved taxpayer from that duty.

Taxpayer argues that the trial court erred in holding Regulation P18–129, adopted May 18, 1967, to be retroactive because the Department of Revenue, by its regulations, had expressly exempted taxpayer from tax on sales of material to laboratories and dentists when the material was used by the purchasers in manufacture of prostheses as discussed supra. Taxpayer says " . . . . this Court should follow the announced judicial policy of this and other states, that such retrospective laws have not been looked upon with favor, but with disfavor"; and that to allow retrospective enforcement of the regulation would be to allow the Department of Revenue to make an ex post facto law, which would be oppressive and unfair.

We have examined the decisions cited by taxpayer, but they have to do with statutes, not departmental regulations. Ex parte Buckley, 53 Ala. 42; Harlan v. State, 31 Ala.App. 478, 18 So.2d 744; Board of Revenue of Jefferson County v. Hewitt, 206 Ala. 405, 90 So. 781; Dickson v. Alabama Machinery & Supply Co., 18 Ala.App. 164, 89 So. 843.

█ If the state were a private suitor, then it might be estopped by the conduct of its agents from collecting from taxpayer taxes on sales made during the period when the 1961 and 1963 Regulations were purportedly in effect, but the state is not a private suitor and the doctrine of estoppel does not apply against the state in the instant case. This court has said:

" . . . . In the assessment and collection of taxes the State is acting in its governmental capacity and it cannot be estopped with reference to these matters. In the case of Duhame v. State Tax Commission, 65 Ariz. 268, 179 P.2d 252, 260, 171 A.L.R. 684, the court said:

" 'It is true that during the time plaintiff was engaged in the contract-

---

7. " . . . . The life of the law has not been logic: it has been experience. . . . . ." The Common. Law, O. W. Holmes, Jr., page 1.

692

ing here in question he might have passed this tax on to the government had he not been misled, by an improper interpretation of the Act by the Commission, into believing no tax was due. Still, it is the settled law of the land and of this jurisdiction that as taxation is a governmental function, there can be no estoppel against a government or governmental agency with reference to the enforcement of taxes. Were this not the rule the taxing officials could waive most of the state's revenue. * * *'" State v. Maddox Tractor & Equipment Co., 260 Ala. 136, 140, 69 So.2d 426, 429.

Referring to § 100 of Constitution of 1901, this court said further:

"In view of this provision of the constitution, the doctrine of estoppel cannot be applied against the State acting in its governmental capacity in the collection of taxes duly levied by the legislature of the State. (Citation Omitted)" (260 Ala. at 140, 69 So.2d at 430)

Affirmed

HEFLIN, C. J., and SIMPSON, BLOODWORTH, and McCALL, JJ., concur.