Appellant, State of Alabama, Department of Revenue, brings this appeal from a judgment by the trial court setting aside a final assessment for sales tax entered by the Department of Revenue against appellee, Douglas M. Harrison.
On January 30, 1978, the State of Alabama entered three final assessments against the appellee. The assessments covered the period from January 1, 1973 through December 31, 1976. The amounts of the assessments were $1,568.36, $3,136.72 and $7.71.
The appellee brought an appeal from each assessment pursuant to § 40-2-22, Code of Alabama 1975. The three actions were consolidated for trial by agreement. After hearing the evidence ore tenus, the trial court set aside the final assessments.
The facts in this case are not in dispute. The appellee, Douglas M. Harrison, is engaged in the business of rendering public relations services through an advertising agency. The appellee advises and consults a client or customer as to his public relations and advertising needs. The various services performed by the appellee include the filming of a motion picture, taking photographs, making tapes for a television or radio show, and preparing a catalogue or brochure to be used by clients in displaying products or merchandise. When the services rendered by the appellee include a catalogue and brochure, the appellee contacts a printer and makes arrangements with him to have the items completed and delivered to the client. The printer bills the appellee for the job, and he pays the bill from his own funds. The total amount due from the client includes payment for the printed materials as well as for the appellee's services. The appellee bills a client for his time, consultation, advice, and expertise. The trial court found that the appellee was engaged in a business in which he sold his time, talent and advice, and set aside the final assessment holding that the transfer of property was incidental. *Page 461 
The sole issue presented by this appeal is whether a transfer by the appellee to a client of catalogues and brochures is a "sale" of tangible personal property within the meaning of the sales tax act.
At the outset we should note that in case of doubt a tax law should be liberally construed in favor of the taxpayer.Montgomery Aviation Corp. v. State, 275 Ala. 266, 154 So.2d 24
(1963).
The appellee cites Haden v. McCarty, 275 Ala. 76,152 So.2d 141 (1963) in support of his position. In McCarty, the court held that a transfer of dentures and prosthesis by a dentist to a patient was not a sale of tangible personal property, but was a transfer incident to the treatment rendered by the dentist. The court further stated:
 A dentist does more than prescribe and fit dentures into the mouth of a patient. The prosthesis is merely the end result of what has taken much time to develop. No one would contend that dentures could be repossessed and sold to another as they have no value except to the person for whom they are designed. The denture itself could not be separated from the treatment, examination, and other things leading up to fitting it in one's mouth, and separately charged for.
We find this reasoning to be persuasive. The appellee does much more than merely sell a client catalogues and brochures. The appellee must create the product that he eventually presents to his client. The final product created by appellee is the result of the appellee's talent and skill. Certainly, the catalogues and brochures produced by the appellee have no value except for those for whom the materials were designed. See State v. Acker,45 Ala. App. 574, 233 So.2d 514 (1970).
The court further held in Hamm v. Proctor, 281 Ala. 54,198 So.2d 782 (1967), that the making of the prosthesis by a laboratory is not a manufacturing "for sale" under the sales tax act.
In Crutcher Dental Supply Co. v. Rabren, 286 Ala. 686,246 So.2d 415 (1971), the court explained the holdings in McCarty
and Proctor as follows:
 The two cases hold that the use of material by dentist and laboratory in making the prosthesis is a consumption incident to rendering professional service and not a manufacture for sale any more than the preparation and production of a deed or a will or a lengthy brief by a lawyer for a client would be a manufacture of the instrument for sale. Such a holding may not appear to be strictly logical from a purely theoretical viewpoint, but, in the light of experience, we are of opinion that the holding is reasonable. [Footnote omitted.]
Just as a lawyer depends upon his legal expertise in preparing a deed or will, the appellee must rely upon his creativity in producing a catalogue or brochure suitable for his individual client. We think the creation of a catalogue or brochure by the appellee and the subsequent transfer of these materials to a client after being printed is incidental to the professional service being rendered.
Therefore we hold that the appellee was not engaged in selling tangible personal property under the sales tax act. This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.