BRADLEY, Judge.
The plaintiffs brought this suit for declaratory judgment to determine their rights under the Education Appropriations Act of 1977. The plaintiffs contend that they were unlawfully denied a $500 salary increase for the 1977-78 school year as mandated by Act No. 637, Acts of Alabama 1977, which provides in pertinent part:
(ii) In addition to local salary now received and all local increments due for *1149 the 1977-78 school year, all full-time employees of city and county boards of education and all full-time employees in the schools under their jurisdiction with the exception of those persons listed on the official Teachers’ Institute List shall receive a salary increase of not less than five hundred dollars ($500) per annum. All adult school bus drivers shall receive a salary increase of not less than five hundred dollars ($500) per annum and all student school bus drivers shall receive a salary increase of not less than three hundred dollars ($300) per annum and any county or city board of education failing to comply herewith shall not be entitled to share in the Minimum Program Fund.

(kk) Of the amount appropriated in Section 3, A, 16, (aa) to the State Board of Education for distribution of local boards the sum of three million eight hundred seventy-three thousand five hundred dollars ($3,873,500), is allocated for disbursement to local boards of education to provide and [sic] increase of five hundred dollars ($500) to each lunchroom worker in the public schools of the state. This salary increase shall be paid to all lunchroom personnel in addition to the local salary now received and any local salary increments due for the 1977-78 school year. [Emphasis added.]
Subsequent to the passage of the act, the Alabama State Board of Education adopted a resolution declaring the term “full-time employees” as used in paragraph (ii) to mean employees who work a minimum of six hours per day, and also resolved that only full-time lunchroom personnel would receive the $500 salary increase provided for in paragraph (kk). The plaintiffs, who are lunchroom and janitorial employees working five days per week but less than six hours per day, responded by filing this suit seeking the $500 salary increase. The trial court initially dismissed the cause and the plaintiffs appealed. Our supreme court reversed and remanded the trial court’s decision. Britnell v. Alabama State Board of Education, Ala., 374 So.2d 181 (1979). Upon remand, the trial court denied the plaintiffs’ requested relief on the salary question. This appeal followed.
The only issue presented by this appeal is whether the trial court erred in denying the plaintiffs’ claim of entitlement to a minimum $500 salary increase under Act No. 637, Acts of Alabama 1977.
As previously noted, the State Board of Education, subsequent to the passage of Act No. 637, adopted a resolution defining the term “full-time employees” as used in paragraph (ii) to mean those employees employed for six hours or more per day. The administrative definition of “full-time employees” apparently resulted from the failure of Act No. 637 to define the term. Nevertheless, the trial court found the administrative definition to be reasonable and adopted it.
While the administrative construction of a statute is not binding on a court, such construction is persuasive and is to be considered favorably. Moody v. Ingram, Ala., 361 So.2d 513 (1978). We find no fault with the trial court’s acceptance of the State Board of Education’s definition of “full-time employees” as set out in paragraph (ii) of Act No. 637. Thus the four janitorial or custodial employees would not be entitled to the full $500 salary increase because they were not “full-time employees” within the meaning of said Act. However a different result obtains as to the one lunchroom worker.
Paragraph (kk) provides that “each lunchroom worker in the public schools of the state” shall receive a $500 increase in salary. It is also provided in that same paragraph that $3,873,500 is appropriated for the specific purpose of funding the $500 salary increase for lunchroom workers and further provides that such salary increase shall be in addition to any other local salary supplements for the 1977-78 school year. By specifically providing in paragraph (kk) that “each lunchroom worker” in the state is to receive a $500 salary increase, we believe that the legislature *1150 clearly intended to create an exception to the requirement in paragraph (ii) that an employee be a full-time worker. Such an interpretation observes the rule of construction that special provisions in an act relating to specific subjects control general provisions in that same act relating to general subjects, and matters specially treated will be considered as exceptions to the general provisions. Herring v. Griffin, 211 Ala. 225, 100 So. 202 (1924); State v. Elliott, 246 Ala. 439, 21 So.2d 310 (1945); Green v. Fairfield City Board of Education, Ala.Civ.App., 365 So.2d 1217 (1978).
The term “full-time employees” used in paragraph (ii) is a general provision, for it applies to all employees in the state school system except teachers; whereas the reference to lunchroom workers jn paragraph (kk) is to a specific group of workers. The apparent legislative purpose was to except this class of workers from the over-all class of workers in the public school system who were required to be “full-time employees” in order to be eligible for the $500 salary increase. The apparent legislative intent should be given full effect. Thus, we conclude that the plaintiff who is employed as a lunchroom worker is entitled to the full $500 salary increase authorized by Act No. 637.
It is to be noted, however, that the State Board of Education also resolved that lunchroom workers had to be “full-time employees” as provided in paragraph (ii) in order to be eligible to receive the full $500 salary increase authorized by paragraph (kk). And, we said above that the administrative construction accorded a statute is entitled to favorable consideration by a court. Moody v. Ingram, supra. However, such a rule of construction will be ignored where it seems reasonably certain that the administrative interpretation is erroneous and a different construction is required by the statute. State v. Wertheimer Bag Co., 253 Ala. 124, 43 So.2d 824 (1949). The specific language of paragraph (kk) requires a different construction than that placed on it by the State Board of Education and its interpretation of the statute will be laid aside.
That part of the trial court’s judgment holding that those plaintiffs who were janitorial and custodial workers and who did not work six hours or more per day and thus were not “full-time workers” as provided in paragraph (ii) of Act No. 637 is affirmed; that part of the trial court’s judgment holding that a lunchroom worker in the public schools of the state had to be a “full-time worker” as provided in paragraph (ii) in order to receive the $500 salary increase authorized by paragraph (kk) of said act is reversed and the cause remanded for entry of judgment not inconsistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P. J., and HOLMES, J., concur.