HOLMES, Judge,
dissenting;
As to the issue of whether or not the taxpayer was performing a “service,” I respectfully dissent.
The record indicates that the taxpayer did typesetting for Grant, as well as preparing the negatives of the “pasted up” pages. The taxpayer then took the negatives and printed the paper. Therefore, I believe the better reasoned view to be that the taxpayer in this instance was rendering a service to Grant with the incidental use of some tangible personal property in connection therewith. Under this view the gross receipts the taxpayer derived would not be subject to the retail sales tax.
I am aware that a 1937 supreme court case appears to state that commercial printing is not a service. Long v. Roberts & Son, 234 Ala. 570, 176 So. 213 (1937). However, I find Long to ba unclear as to the facts and, therefore, do not consider Long to be controlling in the instant case.
A case apparently more to the point is State of Alabama v. Harrison, 386 So.2d 460 (Ala.Civ.App.), cert. denied, 386 So.2d 461 (Ala.1980). The facts in Harrison are not identical to the facts in the instant case, but it was a similar type of arrangement. There we held that in that instance the creation of a catalogue or brochure was the result of talent and skill and was part of a service. The transfer of any tangible personal property was incidental to the professional service being rendered.
The announcement in Harrison supports my view in this case, and therefore, I respectfully dissent.