CRAWLEY, Judge.
The Alabama Department of Revenue (the “department”) assessed state, city, and county sales taxes against Mrs. Dale Kennington (the “taxpayer”), in connection with the sales of commissioned portraits painted by the taxpayer. The taxpayer paid the tax under protest and applied for a refund. The department denied the petitions for refunds, *1060 and the taxpayer appealed to the department’s Administrative Law Division. After a hearing, the chief administrative law judge affirmed the department’s denial of the refund petitions. The taxpayer appealed to the Houston Circuit Court, pursuant to § 40-2A-9(g)(2), Ala.Code 1975.
The trial court entered an order, finding that the personal family or individual portraits painted by the taxpayer were not a sale at retail of tangible personal property as set out in § 40-23-2(1), Ala.Code 1975, and were not subject to state, county, or municipal sales taxes. Section 40-23-2(1) levies a sales tax on persons “engaged or continuing within this state, in the business of selling at retail any tangible personal property whatsoever, including merchandise and commodities of every kind and character.”
The department contends that the portraits sold by the taxpayer are tangible personal property, and, therefore, are subject to the Alabama sales tax levied in § 40-23-2(1), Ala.Code 1975.
The taxpayer contends that the gross receipts derived from the sale of the portraits are not taxable because, she argues, she is providing a professional service and the transfer of tangible personal property, the portrait itself, is only incidental to that service. The taxpayer contends that she must create the product that she eventually presents to a client and that the product is the result of her talent and skill and has no value except to those for whom the portrait is painted.
The issue before this court, as stated by the hearing officer, is: “whether or not the sale by [the taxpayer] of commissioned portraits is a sale of tangible personal property or is that sale a service which is not taxable?”
“Our standard of review regarding administrative actions is very limited in scope. We review the circuit court’s judgment without any presumption of correctness since that court was in no better position than this court to review the agency decision. The special competence of the agency lends great weight to its decision. That decision must be affirmed unless arbitrary, capricious, or not made in compliance with applicable law. Neither the circuit court nor this court may substitute its judgment for that of the administrative agency.”
State Dep’t of Revenue v. Acker, 636 So.2d 470, 473 (Ala.Civ.App.1994) (citations omitted).
The facts are undisputed. The parties stipulated that the taxpayer is a professional artist who contracts with individuals to paint their portraits or portraits of their family members. Before painting the portraits, the taxpayer visits in the home of the subjects for a sufficient time to acquaint herself with their personalities and characteristics. Attached to the stipulation of facts was an article from The Southern Artists, which discussed the taxpayer’s style of operation and which stated in part:
“ ‘One person can’t paint a portrait,’ says artist Dale Kennington of Dothan, Alabama. ‘The person portrayed on the canvas determines the outcome as much as the artist. I get to know my subject, and by the time my work is finished, I’ve captured much of the inner being, not just the body.’
“Subjects do not travel to this artist’s studio to have their portraits done. For the initial sitting, Dale Kennington goes to their homes to see them in a relaxed atmosphere among their own possessions. When she visits, the artist immediately begins soaking up impressions of light, setting and personality. As she talks, she uses a camera to record her subject’s frequent attitudes and gestures.
“The portraitist doesn’t pose her subjects. Through her personal observations and stacks of photographs, she works to discover characteristics, the body language that makes a person unique. She doesn’t paint just the head and shoulders, because she wants to capture the whole person.
“.... ‘The main thing to avoid is a portrait that looks as if someone dressed up to go to a studio and have his likeness done.’ Her goal is to show her subject being himself....”
[[Image here]]
*1061 “Before a portrait is complete, Dale makes another trip to the subject’s home to add finishing touches from life. By this time, she has spent so many hours studying her subject she often feels as if the person in the painting is one of her best friends. This warm collaboration between artist and subject captures a segment of that person’s life that will never be repeated in exactly the same way.”
The facts in the instant case are similar to those in State v. Harrison, 386 So.2d 460 (Ala.Civ.App.), cert. denied, 386 So.2d 461 (Ala.1980). In Harrison, the taxpayer was engaged in the business of rendering public relations services through an advertising agency. As needed, he prepared catalogs or brochures for use by the clients in displaying products. He arranged with a printing company for the company to complete the items and to deliver them to his clients. The total amount due from the client included payment for the printed materials, as well as for the advertiser’s services. This court held:
“The [taxpayer] does much more than merely sell a client catalogues and brochures. The [taxpayer] must create the product that he eventually presents to his client. The final product created by the [taxpayer] is the result of the [taxpayer’s] talent and skill. Certainly, the catalogues and brochures produced by the [taxpayer] have no value except for those for whom the materials were designed.”
Harrison, 386 So.2d at 461 (citation omitted).
Although the department is correct in asserting that the painted canvas delivered by the taxpayer to her patron is tangible personal property, it is mistaken in its argument that such transfer is not “a mere incident to the professional [service] rendered by [artists].” Haden v. McCarty, 275 Ala. 76, 78, 152 So.2d 141, 142 (1963). See also, Crutcher Dental Supply Co. v. Rabren, 286 Ala. 686, 246 So.2d 415 (1971).
The department contends that its Sales Tax Regulation 810-6-1-.91, relating to the manufacture of tangible personal property by special order, applies.[1] “[A] strong presumption” exists as to the correctness of the construction placed on a statute by the officers authorized to construe and administer the law “where such construction has been followed for a long time.” Glencoe Paving Co. v. Graves, 266 Ala. 154, 158, 94 So.2d 872, 876 (1957). Regulation 810-6-1-.91 was adopted on March 9, 1961, amended November 1, 1963, and readopted through the Alabama Administrative Procedure Act, which was made effective October 1, 1982. The department offered no evidence that it had construed this regulation, for the past 30 years, to apply to facts like those of this case. Without evidence of such a construction, the decision in Haden controls.
The department next contends that its Sales Tax Regulation 810-6-1-.114 applies. Paragraph 1 of that regulation states:
“Persons doing any kind of painting where the only tangible personal property supplied by them is the paint which they apply and the equipment, brushes, and supplies used in such application are primarily rendering a service and not making retail sales. The receipts from such painting are not subject to the sales tax_”
(Emphasis added.)
Paragraph 2 states:
“Note, however, that where painters sell painted signs, furniture, or articles which they have manufactured or purchased for painting for resale purposes, such sales are subject to sales tax....”
The department attempts to distinguish paragraphs 1 and 2. The department argues that paragraph 1 applies most commonly to house painters because they are primarily rendering a service and not making a retail sale. Therefore, the department contends paragraph 2 applies to the portraits painted by the taxpayer because the regulation States that painted objects are subject to sales tax. We disagree.
These portraits are not “signs,” or “furniture,” or articles which the taxpayer has *1062 “manufactured or purchased for painting for resale purposes.” Thus, paragraph 2 does not apply.
As discussed above, the transfer of the painted canvas is a mere incident to the professional service rendered by the taxpayer. Except for the canvas used as a foundation for the paint, paragraph 1 would apply. In ease of doubt, a tax law should be liberally construed in favor of the taxpayer. Montgomery Aviation Corp. v. State, 275 Ala. 266, 154 So.2d 24 (1963).
Therefore, we hold that the taxpayer was not engaged in selling tangible personal property and that the compensation received is not subject to sales tax levied by § 40-23-2(1). The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.

. Said regulation states "Articles commonly made to order are curtains, draperies, tents. awnings, clothing, and slipcovers.”