Computer software is intangible personal property. This Court has previously so held. State v. Central Computer Servs., Inc.,349 So.2d 1160 (Ala. 1977). The majority today states that the marketing of "canned" computer software "presumes that the information sought will be conveyed by way of a tangible medium." However, whether the software is "canned" or not, the purchaser is primarily buying the intangible knowledge on the software, and the software is incidental to the purchase. The fact that it is presumed that the information will be "conveyed by way of a tangible medium" does not make the purchase primarily one of tangible personal property. Alabama caselaw precedent has been based on whether the personal property isprimarily tangible or is primarily intangible. Under Alabama case precedent, personal property does not have to be entirely intangible in order to be considered intangible. StateDepartment of Revenue v. Kennington, 679 So.2d 1059
(Ala.Civ.App. 1995).
The majority cites South Central Bell Tel. Co. v. Barthelemy,643 So.2d 1240 (La. 1994). However, the holding of the Louisiana Supreme Court in Barthelemy was based on the civil law viewpoint of that State regarding property. The basis of the holding was § 461 of the Louisiana Civil Code, which stated:
 "Corporeals are things that have a body, whether animate or inanimate, and can be felt or touched.
 "Incorporeals are things that have no body, but are comprehended by the understanding, such as the rights of inheritance, servitudes, obligations, and right of intellectual property."
Quoted at 643 So.2d at 1244. The Barthelemy court said:
 "The term 'tangible personal property' set forth in the City Code, and its synonymous Civil Code concept 'corporeal movable,' must be given their properly intended meaning. Physical recordings of computer software are not incorporeal rights to be comprehended by the understanding. Rather, they are part of the physical world. For the reasons set out below, we hold the computer software at issue in this case constitutes corporeal property under our civilian concept of that term, and thus, is tangible personal property. . . ."
643 So.2d at 1244.
The civil law does not determine whether a thing purchased is primarily tangible or primarily intangible. The civil law considers anything "tangible" that has any property. Adopting the logic of the Civil Code of Louisiana could potentially cause serious problems with the caselaw of Alabama on the question whether particular property is tangible or intangible.
I would reaffirm the Alabama caselaw and hold that computer software is intangible property. However, if the majority of the Court wishes to hold that computer software is "tangible," it should do so through the application of common law concepts of what is tangible property and what is intangible property. Alabama is a common law state. I am concerned that the majority today changes Alabama caselaw as to what is tangible property and what is intangible property and in doing so relies on the civil law precedent of Louisiana. The civil law precedent of Louisiana is inapplicable to the common law precedent of Alabama. Therefore, I must dissent.