SHAW, Justice
(dissenting).
I respectfully dissent from denying this petition for certiorari review.. ,
The petitioner, the State of Alabama Department of Revenue (“the Department”), issued a final assessment for sales-tax liability against Omni Studio, LLC (“Omni”). Pursuant to Ala. Code 1975, § 40-2A-7(b)(5)b„ Omni appealed the Department’s final assessment to the Jefferson Circuit Court. That court entered a summary judgment in favor of Omni and set aside the Department’s final assessment, The Department appealed to the Court of Civil Appeals, which affirmed the judgment of the trial court, State Department of Revenue v. Omni Studio, LLC, 222 So.3d 367 (Ala.Civ.App.2016). The Department then petitioned this Court for certio-rari review of the Court of Civil Appeals’ decision, which this Court today denies.
Stated generally, Ala. Code 1975, § 40-23-2(1), imposes a tax on the retail sale of “any tangible personal property whatsoever, including merchandise and commodities of every kind and character.” Tangible personal property has been defined as something that can be seen, felt, and handled, sold commercially, and has physical substance. Association of Alabama Prof'l Numismatists, Inc. v. Eagerton, 455 So.2d 867, 869 (Ala.Civ.App.1984). Additionally, the Department has a regulation that deems the retail sale of photographs to be subject to sales or use tax:
“(1) The gross proceeds accruing from retail sales of photographs, blueprints .and other similar articles are subject to sales, or use tax. ...
“(2) Any fee for sitting, consultation or any other activity that is done in' preparation of the final product, even when separately stated, is a part of the labor or service cost and cannot be deducted from the gross proceeds accruing from retail sales. Therefore, gross proceeds, as referenced in paragraph (1) include, but aré not limited to consultation fees, sitting fees, and all other fees when such fees are charged in conjunction with the sale of photographs, blueprints, and other items sold by the retailer as provided in paragraph (1). Any reasonable and customary retainer fee separately stated on the photographer’s contract that is both nonrefundable and may not be credited toward any purchase of photographs is not taxable. The separate fee *377 is unrelated to the production of the finished photographs.”
Ala. Admin. Code (Dep’t of Revenue), Rule 810-6-1-.119 (Photographs, Photostats, Blueprints, Etc.).
The Department contended on appeal in the Court of Civil Appeals that Omni owed taxes on certain transactions that involved the sale of photographs. Omni argued, however, that the transfer, of photographs to its clients was “incidental” to the provision of certain services. Specifically, some transfers of tangible personal property are considered “incidental” to the provision of services and are not taxed. Such “incidental transfers” occur when the transfer of property is merely an incidental part of services provided by a “learned professional,” such as when a dentist makes dentures for a patient or when an attorney drafts a will or deed.[1] This “incidental-transfer” exception has been applied in the realm of advertising and portrait painting. State v. Harrison, 386 So.2d 460 (Ala.Civ.App.1980) (holding that the preparation of catalogs and brochures as part of an advertising service was “incidental”), and State Department of Revenue v. Kennington, 679 So.2d 1059 (Ala.Civ.App.1995) (holding that the sale of a painted portrait was “incidental” to the provision of an artist’s creative services).
On appeal, Omni argued that there was “no meaningful distinction” between the services and the property transfer deemed “incidental” in Harrison and Kennington and the services and property Omni provided to its own clients. Specifically, Omni’s evidence tended to show that it is a commercial-photography business serving mostly advertising and marketing clients. It appears that much of its advertising and consulting work goes beyond merely providing photographs and includ.es hiring and managing assistants, models, .and stylists; choosing photography locations; setting up lighting; reviewing and processing images and videos; and editing copy. Further, it charges clients .based on time and resources expended rather than on the number, size, or type of photographs produced. On the other hand, the Department determined that Omni owed sales tax for specific “transactions” such as, among other things, headshots, flat-rate photography sessions, digital-studio photography, portraits, and wedding photography. According to the Department’s petition, the Department did not deem as taxable any transactions that consisted solely of services provided. Nevertheless, the Court of Civil Appeals concluded: “Like the trial court, we see no meaningful difference between the services that Omni provides and the services that were at issue in [Harrison and Kennington]....” Omni Studio, 222 So.3d at 375.
In its certiorari petition to this Court, the Department argues that the Court of Civil Appeals’ decision conflicts with Alabama Board of Optometry v. Eagerton, 393 So.2d 1373, 1377 (Ala.1981). See Rule 39(a)(1)(D), Ala. R. App. P. (providing that “petitions for writs of certiorari will be considered '... [f]rom. decisions in conflict with prior decisions of the Supreme Court of the United States, the Supreme Court of Alabama, the Alabama Court of Criminal Appeals, or the Alabama Court of Civil Appeals”). In Eagerton, this Court discussed the application of the “learned-professional” doctrine as follows:
“In [State Tax Commission v. Hopkins, 234 Ala. 556, 560, 176 So. 210, 213 (1937),] this Court recognized the dis *378 tinction implicit in the exercise of professional skill, on the one hand, and the sale of tangible property on the other:
“ ‘It is apparent from what we have said that [§ 40-23-2] should not be extended so as to tax one’s income from personal skill in the exercise of a profession.’ ”
Eagerton, 393 So.2d at 1375. See also Haden v. McCarty, 275 Ala. 76, 78, 152 So.2d 141, 142 (1963) (“[T]he transfer of dentures and other prosthetic devices from a dentist to his patient is not a sale within the meaning of the Act. It is, as appellees contend, a mere incident to the professional treatment rendered by dentists.”). The Court in Eagerton then held that the sale of eyeglasses by an optometrist was not an “incidental transfer” because an optometrist was not a “learned professional.” In doing so, it described when one is deemed a “learned professional” in terms of the relationship created between the vendor and the consumer:
“ ‘Nor do we consider that the relationship existing between an optometrist and patient rises to the degree of confidential relationship existing between doctor and patient or attorney and client. A person seeking the services of a physician or lawyer must reveal to such professional adviser the most intimate secrets of physical or mental disability, or of his business or conduct. As stated in Silver v. Lansburgh & Bro., 72 App. D.C. 77, 111 F.2d 518 [ (D.C.Cir.1940) ], such relationship by its very nature creates a relationship of trust and confidence, and the physician’s or attorney’s allegiance must be wholeheartedly to the patient or client, and not to another, and “nothing of this nature applies to the practice of optometry.” ’ ”
Eagerton, 393 So.2d at 1377 (quoting Lee Optical Co. of Alabama v. State Ed. of Optometry, 288 Ala. 338, 347, 261 So.2d 17, 25 (1972)).
I believe that there is probability of merit[2] in the argument that the transactions at issue in the instant case—the sale of certain photographs—were not part of a “confidential relationship” in the nature of that described in Eagerton. If so, then the Court of Civil Appeals’ decision would conflict with Eagerton. See Rule 39(a)(1)(D), Ala. R. App. P.
The decisions in Harrison and Ken-nington appear to expand the “learned-professional” doctrine beyond the types of “confidential relationships” described in Eagerton and Lee. However, it does not appear that the Department challenged those decisions before the Court of Civil Appeals or in its petition to this Court. Omni Studio, 222 So.3d at 375 (“[W]e have not been asked to revisit their holdings.”). Further, the doctrine of stare de-cisis would counsel that those decisions be applied as precedent. Nevertheless, stare decisis would not require that the “learned-professional” doctrine be further expanded to business relationships not originally contemplated in the doctrine.
I would grant the petition to review whether the “incidental-transfer” exception subsumed within the “learned-professional” doctrine could apply to the transfers found in this case. I thus respectfully dissent from denying the petition.

. Omni Studio, 222 So.3d at 371 (citing Crutcher Dental Supply Co. v. Rabren, 286 Ala. 686, 691, 246 So.2d 415, 419 (1971), and Haden v. McCarty, 275 Ala. 76, 78, 152 So.2d 141, 142 (1963)).

. See Rule 39(f), Ala. R. App. P. (“If the Supreme Court, upon preliminary consideration, concludes that there is a probability of merit in the petition and that the writ should issue, the Court shall so order ....”)