152 So.2d 141

Harry H. HADEN, Commissioner of Revenue,

v.

William L. McCARTY et al.

3 Div. 918.

Supreme Court of Alabama.

April 11, 1963.

Hill, Hill, Stovall & Carter, Hill, Robison & Belser and Goodwyn & Smith, Montgomery, for appellees.

MacDonald Gallion, Atty. Gen., B. Frank Loeb, Asst. Atty. Gen., and Guy Sparks, Sp. Asst. Atty. Gen., for appellant.

SIMPSON, Justice.

This case was originally assigned to another justice, but was recently re-assigned to the writer for study and the preparation of the opinion.

Appeal by the respondent from the granting of a permanent injunction prohibiting the collection of certain sales taxes from dentists based upon the transfer of dentures and other prosthetic devices to patients.

The bill for declaratory judgment was a class action brought by appellees and all other dentists similarly situated, to procure a declaration as to the legality of Department of Revenue Regulation P 18–131, which requires dentists to pay to the State a sales tax on purported "sales" at retail of dental prosthetics such as, but not limited to, dental plates and bridges.

The basic argument of the State is that the furnishing of dental prosthetics by the dentist is a "sale" of tangible personal property and under applicable statutes is taxable as a retail sale to the patient who is to be considered the ultimate consumer.

Appellees argue that the furnishing of dental prosthetics is merely incidental to the service rendered in the practice of a learned profession and is therefore not taxable as a sale under the Sales Tax Statutes. Appellees also contend, as persuasive to this point of view, that the Department of Revenue for some twenty-two years has, by formal regulation (Sales Tax Regulation No. 12, App. Feb. 8, 1939) recognized that dentists were not subject to the tax now sought to be imposed, and that the law has been re-enacted without change material to the point now under consideration.

The sole question for our determination is whether a transfer by a dentist to a patient of dentures or other prosthetics is a "sale" of tangible personal property to an ultimate consumer within the meaning of the Sales Tax Act.

We feel, as did the trial court that the transfer of dentures and other prosthetic devices from a dentist to his patient is not a sale within the meaning of the Act. It is, as appellees contend, a mere incident to the professional treatment rendered by dentists. Quoting from the decree of the lower court:

"Dentists are not traders in commodities engaged in a merchandising business. A dentist is a practitioner of one of the true 'learned professions', like unto a physician or surgeon. Dentistry is one of the healing arts, a department of medicine; and dentists, like physicians, perform the very highest type of skilled professional services for their patients. Dentists are men of profession, who by virtue of their talents and aptitudes, and long years of study, and formal education, qualify themselves to serve mankind and to alleviate human suffering. When a dentist furnishes a prosthesis to his patient, this is an inseparable and indivisible part and parcel of the professional service of dentistry, which concerns itself with diagnosis, treatment, restoration, and prevention. A dentist does not, under the common understanding of things, or under the terms

of the Sales Tax Act, make a sale to his patient. His relation to his patient is not that of merchant and 'customer' but that of doctor and patient; a close relationship requiring the skill and expertness that come with a concentrated background of education, training, and qualifications. A patient goes to a dentist seeking treatment and professional care and attention, and that is what he gets, and the amount paid the dentist by the patient is the dentist's fee for professional services.

"The fashioning and furnishing of dentures, crowns, inlays, bridges, and similar medical prostetic [sic] devices, by a dentist, incidental to his professional care and treatment of his patient, is not a retail sale of tangible personal property under the Alabama Sales Tax Act. Skilled professional service is that which is required of the dentist, furnished by him to the patient, charged for by the dentist, and paid for by the patient."

Appellant insists that we consider the case of State Tax Commission v. Hopkins, 234 Ala. 556, 176 So. 210, as here controlling. There the transfer by optometrists of eyeglasses to those whom they deemed in need thereof was held subject to sales tax. But there the Court concluded:

"It is apparent from what we have said that the act should not be extended so as to tax one's income from personal skill in the exercise of a profession. What we are dealing with is the manufacture and sale of glasses fitted to the eyes of the ultimate consumer, that is subject to the tax imposed * * *."

■■ There can be no doubt that dentists are highly trained professional men; dentistry is a branch of the science of the healing arts which relates strictly to the diagnosis, treatment, restoration and prevention of diseases and abnormalities of the oral cavity and related structures. Dentists treat diseases, being specially trained in oral pathology. We do not feel that restorative dentistry can be placed in a class by itself, that is separated from diagnosis and dental treatment, and made subject to the sales tax. A dentist does more than prescribe and fit dentures into the mouth of a patient. The prosthesis is merely the end result of what has taken much time to develop. No one would contend that dentures could be repossessed and sold to another as they have no value except to the person for whom they are designed. The denture itself could not be separated from the treatment, examination, and other things leading up to fitting it in one's mouth, and separately charged for. On the other hand, eyeglasses need not be fitted by a trained professional man with a medical degree. The same risks to the over-all health are not necessarily involved. It is a matter of common knowledge that most "Five & Dime" stores will sell you a pair of eyeglasses. Optometrists merely measure the strength or weakness of the human eye and prescribe the type glasses needed. No medical technology is involved. An optometrist should make no attempt to treat eye diseases or fit a glass eye to his customers. These treatments would be left to the ophthalmologist, a medical doctor specializing in treatment of eye ailments.

We, therefore, entertain the view that a transfer of dentures or other prosthesis can not be distinguished or separated from the diagnosis and treatment rendered a dental patient.

■ While not binding upon the Court, the Administrative interpretation rendered by the State Department of Revenue and in effect for some 22 years before the Regulation here involved is highly persuasive authority for appellees' position. This rule was taken into consideration by the Court in interpretating a tax statute in State v. Advertiser Co., 257 Ala. 423, 59 So.2d 576. There a departmental interpretation had been in effect for approximately ten years. This is especially persuasive where there has been legislative re-enactment of the statute without change. This may be con-

sidered as a legislative approval of the departmental construction. State v. H. M. Hobbie Grocery Co., 225 Ala. 151, 142 So. 46. In our recent case of State v. Southern Electric Generating Co., 157 So.2d 216 (3 Div. 2, Sup.Ct. M.S. March 14, 1963) which involved a license tax upon electric public utilities, we held that the State was bound by an administrative construction of 25 years. We affirmed the decree of the lower court in denying the tax. We feel that the Regulation here involved, in effect for 22 years, being uncontested, and the subsequent re-enactment of the Sales Tax Act without material change, adds substantial weight to our opinion that the transfer of dentures to a patient by a dentist is not a sale within the meaning of the Sales Tax Act.

So considered, the granting of the permanent injunction by the lower court was without error and the decree is due to be affirmed. So ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.