186 So.2d 925

**STATE of Alabama**

v.

**GEORGE H. JETT DRILLING COMPANY.**

l Div. 290.

Supreme Court of Alabama.

May 19, 1966.

Harry H. Riddick and Hamilton, Denniston, Butler & Riddick, Mobile, for appellee.

Richmond M. Flowers, Atty. Gen., Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellant.

PER CURIAM.

This is an appeal by the State of Alabama to this court from a final decree of the Circuit Court of Mobile County, in Equity, vacating and holding for naught an assessment of the Department of Revenue against appellee in the sum of $452 for license tax levied pursuant to § 496, Title 51, Code 1940, as amended. The pertinent part of said section is as follows:

"Any person, firm or corporation accepting orders or contracts for doing any work on or in any building or structure, requiring the use of paint, stone, brick, mortar, wood, cement, structural iron or steel, sheet iron, galvanized iron, metallic piping, tin, lead, electric wiring, or other steel, or any other building material, or shall accept contracts to do any paving or curbing on sidewalks or streets, public or private property * * *, or who shall accept an order for or contract to excavate earth, rock or other material for foundations or any other purpose * * * shall be deemed a contractor. * * *"

The section thereafter proceeds to levy the license tax on such operations.

There are no procedural questions here involved, but the sole question for decision here is whether or not appellee in its operations hereafter outlined was "excavating earth, rock or other material for foundations *or any other purpose*" within the purview of said § 496, supra.

For a consideration, appellee contracted with others to drill wells in Mobile County for the production of oil and gas. Paragraph 5 of a stipulation or agreement between the parties thereto is as follows:

"5. Geo. H. Jett Drilling Co. was from October 1, 1963 through September 30, 1964, engaged in the business of drilling and completion of oil and gas wells for its own account and for the account of others in the State of Alabama and in other states. That in the drilling and completing of wells for others it enters into a 'drilling contract', the terms and provisions of which will vary dependent on the agreement of the parties with reference to the drilling and completion of a particular well. That in the normal course of its performance of such a drilling contract Geo. H. Jett Drilling Co. will ordinarily construct a pit or pits which are used solely for the disposal of residue discharged from the cutting of the hole, such residue consisting of cuttings, excess mud, water and other material."

We think the words "for any other purpose" embrace any excavating not specifically listed in the statute and should not be considered within the maxim *"ejusdem generis"* or its broader counterpart, *"Noscitur a sociis."* State v. Western Union Telegraph Company, 196 Ala. 570, 72 So. 99.

There is no dispute between the parties as to the character of work being done by appellee. It was engaged in drilling or boring deep wells to obtain access to oil that might be underground. Was such drilling or boring an excavation of earth, rock, etc., within the purview of § 496, supra?

A practicing and graduate petroleum engineer, rated as an expert in his field, testified that when an oil well is drilled, a hole is drilled in the ground to get down to the oil; that the drilling creates a cavity or a hole in the ground into which a pipe is inserted. He testified further that there are two types of drilling rigs, a cable type and a rotary rig; that when the drilling process is used "cuttings come up * * * they are cuttings of the formations that you penetrate with the bit." He testified that the main objective of drilling is to drill the hole in the ground and get down to the oil.

While the word "excavate" may not be found in a "Manual of Oil and Gas Terms" as testified by an attorney experienced in the law applicable to mineral rights, we think such lack of use would not be decisive of this case.

■ We do not think the legislature should be bound to use technical terms in levying the license tax here involved. The use of a general or omnibus license tax embracing excavation work for any purpose would include technical methods not so described. The legislature could, as here, categorize many technical methods by one general term. Appellee was removing earth, rock and other formations irrespective of the technical terms appropriately used by the trade.

We think it was the intention of the legislature to impose a license tax on contractors effecting the removal of earth, rock and other formations to reach the oil deposit if there. We do not think appellant should be restricted in collecting the tax because the legislature failed to use a technical term that carried more specificity.

It appears from the stipulation set forth in the record before us that on February 27, 1947, the Legal Division of the Department of Revenue of appellant ruled that the excavation of earth which takes place in digging an oil well falls within the provisions of the section defining a contractor as one who excavates earth, rock or other material for foundations or any other purpose. Subsequent to this ruling, beginning in the tax year 1957–58, fifteen different companies, carrying on drilling operations for oil as here involved, voluntarily paid the license tax levied by § 496, supra.

It is to be noted that § 496, supra, was amended on September 17, 1953 (Act No. 749, Acts 1953, Vol. II, p. 1012), which date was after the ruling in 1947 by the Legal Division, supra. This amendment added the following phrase after the word "ascertained" in the third sentence, viz.: "on the basis of the gross amount of all orders or contracts accepted, exclusive of orders or contracts pertaining to state or county road and bridge projects." The amendment is not applicable here.

The legislature, while amending the statute (§ 496, supra), did not disturb the tax levy on excavating as interpreted by the Legal Division. We held in State v. Birmingham Rail & Locomotive Co., 259 Ala. 443, 448, 66 So.2d 884, 889, as follows:

"It is an established rule of statutory construction that when a tax statute has been construed by the highest officials charged with the duty of administering the tax laws, such construction should be given favorable consideration by the courts, especially if such construction has stood unchallenged for a considerable time. * * * And the weight to be given an administrative interpretation is increased when the legislature, in reenacting the law, fails to indicate in any way its disapproval of the settled administrative construction. As held in State v. H. M. Hobbie Grocery Co., 225 Ala. 151, 153, 142 So. 46, 47, the re-enactment, without change, of a statute which has been given a uniform construction by the administrative department 'may be treated as a legislative approval of the departmental construction of the statute, quite as persuasive as the reenactment of a statute, which has been judicially construed.' These rules are of special significance in this case. * * *"

It is our opinion that the drilling or excavating operations of appellee for oil were subject to the license tax levied by § 496, supra, and that the decree of the trial court vacating the assessments should be and it is reversed and the cause remanded to the trial court with instructions that it enter a decree confirming the assessment against appellee, with lawful interest and penalties, if any.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded with directions.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.