198 So.2d 782

**Phillip J. HAMM, Commissioner of Revenue,**

**v.**

**Robert O. PROCTOR, d/b/a Proctor Dental Studio.**

**3 Div. 163.**

Supreme Court of Alabama.

May 5, 1967.

Jones, Murray & Stewart, Montgomery, for appellee.

Ling & Bains, Bessemer, for Alabama Optometric Ass'n, amicus curiæ.

PER CURIAM.

Respondent appeals from a final decree granting a permanent injunction prohibiting the collection of certain sales taxes from complainant and other dental laboratories and individuals similarly situated.

The bill for declaratory judgment and injunction was a class action brought by appellee to determine the legality of the State Department of Revenue Regulation No. P–18–133, adopted March 9, 1961, amended September 8, 1963, and again on November 5, 1963. This Regulation, as last amended, purports to support the col-

MacDonald Gallion, Atty. Gen., Willard W. Livingston and B. Frank Loeb, Asst. Attys. Gen., for appellant.

lection of sales taxes mentioned in the preceding paragraph.

The Sales Tax Act was first adopted by the Legislature of Alabama in the session of 1936–37. This Act, No. 126, enacted in the extra session, supra, was repealed by Act No. 18, General Acts of Alabama 1939, p. 16. This Act. No. 18, was included in Article 10, Chapter 20, Title 51, Code of Alabama 1940, p. 1041. It levies sales taxes.

It was stipulated between the parties in the instant case that Act 100, 2nd Sp. Sess. of the Legislature of 1959, insofar as any issue involved in this case is concerned, was a reenactment of previous Sales Tax Statutes which were first adopted in the extra session of 1936–37.

It is to be noted that said Act 100, supra, appears in the Act of Alabama, 2nd Sp. Sess. of 1959, at p. 298. Said Act (100) supersedes Article 10 of Chapter 20, Title 51, Code of Alabama 1940, as amended and supplemented.

The Circuit Court of Montgomery County, in Equity, pursuant to a petition, decreed that "Regulation P–18–133 of the Department of Revenue, adopted March 9, 1961, amended September 8, 1963, amended November 5, 1963, is contrary to law and is invalid and of no force and effect." The Court also decreed:

"The complainant and other dental laboratories and individuals similarly situated of the class he represents are not subject to or liable for the payment of any sales tax based upon fees, charges or income received from dentists by reason of their furnishing dentures, bridges or other similar structures or on any prosthetic device used or consumed by him in rendering professional service to his patients."

Following the enactment of Act No. 18, supra, and its approval on February 8, 1939, the Department of Revenue, or its predecessor, on March 1, 1939, adopted Regulation R28–012, as follows:

"Dentists or dental laboratories primarily render services and incidentally use tangible personal property in connection therewith. Gross receipts of dentists or dental laboratories derived from these sources are not within the Sales Tax Act. * * *"

The above Regulation remained unchanged until November, 1959 (after the effective date of Act 100, supra), when appellant issued Regulation P–18–131, holding that dentists sell at retail appliances such as dental plates and bridges, and were, therefore, liable for sales tax on such prosthetic devices, and that dental laboratories, therefore, sell to dentists at wholesale, tax free.

The dentists challenged this directive in court. The trial court decreed in favor of the dentists and relieved them of payment of the tax. The Commissioner of Revenue appealed from the decree of the trial court to this Court, which affirmed the trial court on April 11, 1963. Haden, etc., v. McCarty, et al., 275 Ala. 76, 152 So.2d 141 (1).

After this affirmance, appellant issued amendatory Regulation P–18–133 on September 9, 1963. This Regulation is now before this Court and provides:

"Dental laboratories sell to dentists at retail, subject to tax, dental prosthesis or appliances which are used or consumed by the dentist in rendering professional services to patients. Therefore, dental laboratories purchase at wholesale, tax free, materials that become a component of dental prosthesis or appliances manufactured for sale."

It seems that when this Court, in the Haden v. McCarty case, supra, followed appellant's administrative ruling issued on March 1, 1939, which exempted dentists, appellant switched from its efforts to collect from the dentists to an amendatory regulation to collect from appellees. Ap-

pellant abandoned its administrative ruling of 1939 exempting appellees, and now are asserting that appellees are liable for the tax. See Regulation P–18–133, supra, adopted September 9, 1963.

■ This Court held in State v. Birmingham Rail & Locomotive Co., 259 Ala. 443, 66 So.2d 884(5, 6), as follows:

"It is an established rule of statutory construction that when a tax statute has been construed by the highest officials charged with the duty of administrating the tax laws, such construction should be given favorable consideration by the courts, especially if such construction has stood unchallenged for a considerable time. State ex rel. Fowler v. Stone, 237 Ala. 78, 185 So. 404; State v. Tuscaloosa Building & Loan Ass'n, 230 Ala. 476, 485, 161 So. 530, 99 A.L.R. 1019. And the weight to be given an administrative interpretation is increased when the legislature, in re-enacting the law, fails to indicate in any way its disapproval of the settled administrative construction. As held in State v. H. M. Hobbie Grocery Co., 225 Ala. 151, 153, 142 So. 46, 47, the re-enactment, without change, of a statute which has been given a uniform construction by the administrative department 'may be treated as a legislative approval of the departmental construction of the statute, quite as persuasive as the re-enactment of a statute, which has been judicially construed.' These rules are of special significance in this case. * * *"

Reference was made to the aforequoted principle in State v. George H. Jett Drilling Co., 279 Ala. 464, 465, 186 So.2d 925, wherein this Court decided with the contention of the State that this company was liable for license tax on its drilling operations.

We note that the dentists in 1939, when Regulation R28–012, supra, was promulgated, were following the same prescription procedure that they now follow in procuring prosthetic devices and dentures for their patients. The laboratories were then following the same procedure as now in filling prescriptions for the dentists. There may be some modernization in technique, but no basic changes.

Without change, until November, 1959, appellant ruled (P–18–131) that dentists were not liable for the sales tax. The legislature from 1939 to October, 1959 passed many amendments to the sales tax law.

During the period from 1939 to the enactment of Act 100, supra, in 1959, no legislative amendment changed the Department's ruling that dental laboratories were not subject to the sales tax. No change was made when, in 1959, Act 100, supra, was enacted.

The Department of Revenue has, when occasions justified, cited its undisturbed rulings as supporting its efforts to collect the sales tax. We refer again to State v. Jett Drilling Co., supra. Now appellant wants us to ignore its ruling from 1939 to September 9, 1963, that dental laboratories were not liable for the tax. A similar effort was made in Haden v. McCarty, supra.

We are unwilling to accommodate appellant and uphold its administrative rulings when to its advantage and overturn them when likewise to its advantage. The old adage that "What's sauce for the goose is sauce for the gander" has application here.

■ We give appellant's administrative construction, issued in 1939, favorable consideration for the reason that it stood unchallenged for approximately twenty-five years. The weight we give this ruling is increased because the legislature, in making amendments to the sales tax law, and in re-enacting the same law in 1959, failed to indicate in any way its disapproval of the settled administrative construction.

We commend the reasoning and conclusion that the trial court reached in its decree which holds that appellees are not liable for the sales tax with which they are charged.

The decree is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.