TORBERT, Chief Justice
(dissenting).
I respectfully dissent from the majority’s holding that optometry is not a learned profession.
When this Court held in Haden v. McCarty, 275 Ala. 76, 152 So.2d 141 (1963), that dentistry is a learned profession for purposes of Code 1975, § 40-23-2, we departed from the traditional listing of learned professions, i. e., doctors, lawyers, and ministers of the gospel, and embarked on a course of action requiring us to distinguish the “learned” professions from all other professions. I cannot agree that optometrists are not entitled to this honor, since we are now committed to making such a distinction.
Appellants presented evidence at trial concerning the training that optometrists are required to undergo before being certified by the State Board of Optometry. The similarity to that of dentists in terms of length, course material, and practical experience is striking. Additionally, appellants introduced lengthy testimony of the great strides that have been made in the field. An optometrist is no longer a mere technician who measures the severity of a vision defect and matches to it the proper strength of eyeglasses, but he now is engaged in all aspects of testing and treating a multitude of sight problems. Although he can neither prescribe drugs nor perform surgery, he can and often does diagnose illnesses of the eyes, for treatment of which he refers the patient to an ophthalmologist. The optometrist also uses a number of mechanical devices, as well as exercises and unique eyeglass prescriptions, to correct all sorts of eye problems which he has discovered and/or diagnosed.
The materials and cosmetic attractiveness of the eyeglasses sold by optometrists are only a small part of the total cost. The major cost involved stems from the expertise he demonstrates in determining the correct prescription for the problem of the particular patient. Anyone who has ever purchased “dime-store” eyeglasses knows the differential both as to price and effectiveness between them and a pair of eyeglasses prescribed and fitted by a certified optometrist. The parallel between optometry and dentistry, as well as many other branches of medicine, is obvious in this regard.
*1379 The majority erred in affirming the trial court in another respect. The trial judge found that Sales Tax Regulation P18-171, which provides that the sale of eyeglasses and contact lenses at retail is subject to the sales tax, and that optometrists making such sales are liable for such tax while ophthalmologists are not engaged in selling tangible personal property, and thus are not required to pay such sales tax, violated the equal protection and due process clauses of the Alabama and United States Constitutions. He then ruled that from then on neither optometrists nor ophthalmologists would be exempt from sales tax on eyeglasses and contact lenses. Opthalmolo-gists, however, as medical doctors, are entitled to an exemption by virtue of being a member of one of the traditional “learned professions.” The majority would remove the exemption for one branch of medicine while leaving it for all others. Such an inconsistency only serves to create another equal protection problem, and should not be allowed.
The majority makes much of the fact that optometrists are prohibited from prescribing drugs or performing surgery. Suffice it to say that a determination of “learned” as regards a profession is not based on what members of a profession cannot do, but on what they can do. While the inability to prescribe drugs or perform surgery may mean that optometrists are not medical doctors, it does not prevent them from being members of a learned profession. Neither lawyers nor ministers prescribe drugs or perform surgery, yet both the law and the ministry are considered learned professions.
Nor is the lack of legislative pronouncement fatal to the appellants’ claim. It was not the legislature that bestowed such status on doctors, lawyers, and ministers. Furthermore, this Court raised dentistry to membership in the learned profession ranks in Haden v. McCarty. I see no reason why we should shrink from acting here as we did in Haden. I therefore dissent from the majority’s opinion, as I would vote to reverse the lower court opinion and remand it to that court.