I respectfully dissent. The only issue in this case is whether the Board had the authority to employ outside counsel. Clearly under the Act the Board does have such authority.
Section 6 of Act 384 in part provides:
 The board shall have power to appoint personnel necessary for its work and to delegate to such personnel such duties and powers as may be practicable. [Emphasis added.]
Sparks argues, and I agree, that this gives the Board authority to hire outside counsel. Clearly it was the intent of the legislature to give the Board authority to hire needed personnel.
The County argues that § 10 of the Act contemplates that the Board would be required to use the county attorney in all cases before the Board. However, as quoted in the majority opinion, § 10 states that the county attorney "shall also give such legal advice and legal assistance as may be requested by it." (Emphasis added.)
Clearly § 10 is worded so as to give the Board discretion in the use of the county attorney. Obviously it would be less expensive to use the county attorney as an advisor rather than employ outside counsel. However, it is equally obvious that the county attorney will, in most circumstances, have a conflict of interest because he will be prosecuting charges against county employees on behalf of the county. Surely the legislature intended to give the Board unrestricted power to employ outside counsel when it deemed it necessary, for it clearly placed the authority to employ outside counsel in the Board. The language of the statute is clearly permissive. If the Board has the power to use the county attorney, the converse is equally true; the Board has the authority not to use him if they so desire, for whatever reason.
This conclusion is further supported by the fact that the legislature has amended this statute several times without changing the provision in question. The Board had hired Sparks prior to these amendments, and had by administrative interpretation determined that they had authority to hire outside counsel. The weight to be given an administrative board's interpretation of a statute is increased where the legislature's reenactment of the law fails to disapprove *Page 1107 
the settled interpretation. Hamm v. Proctor, 281 Ala. 54,198 So.2d 782 (1967).
The majority relies on the fact that the county had not budgeted any money for outside counsel. Section 16 requires the county to provide in its budget for the expenses and salaries of the Board. The majority would appear to penalize Sparks for the county's failure to budget money for outside counsel. Such a result is unjust and contrary to the intent of the legislature as expressed in the wording of the statute.
Section 16 puts the burden of budgeting for the Board's salaries and expenses on the county. The majority opinion would allow the county complete authority to prevent the Board from hiring needed personnel simply by not providing money for such personnel in its budget.
By allowing the county to prevent the Board from hiring needed personnel through the budgeting process, the majority's holding is clearly contrary to the intent of the legislature. The Board is set up to be independent from the county so that all personnel disputes can be resolved fairly. By giving the county authority to prevent the Board from hiring outside counsel, the majority is in effect giving the county complete control. As a result the intent of the legislature to provide for an independent board has been thwarted.
The legislature authorized the Board to hire the necessary personnel to assist it in carrying out its duties, including hiring outside counsel to advise it on legal matters. During the time that Sparks was employed by the Board the legislature has not seen fit to restrict this authority. Under these circumstances I would hold that it is within the authority of the legislature to alter the Board's power to employ outside counsel, and not within the authority of the courts to do so. Accordingly, I would hold that Sparks should be allowed to recover his fees.