Ernest Smith sought an injunction[1] prohibiting the Madison County Commission from enforcing its building code. The circuit court denied the injunction. Smith appealed, presenting a single issue: Whether the Madison County Commission's statutory authority to enforce its building code ended through application of Alabama's "Sunset Act."[2] We affirm the trial court's order, which was based on the court's holding that the Commission's authority had not ended.
The issue arises in the following context: Before 1992, Alabama counties had no authority to enact building codes to address home building problems within unincorporated areas. On May 21, 1992, the Alabama legislature enacted Act No. 92-608, Ala. Acts 1992. Section 12 of that act states:
 "The county commissions of the several counties are authorized and empowered to adopt building laws and codes by ordinance which shall apply in the unincorporated areas of the county."
Section 3 of Act No. 92-608 created a new state agency, "The Home Builders Licensure Board" ("the Board"), whose purpose is expressed in the Act's title:
"An Act
 "Relating to the regulation of the home building industry; providing for examinations and the issuance of licenses to persons in the home building industry by examination and otherwise; providing for adoption by counties of residential housing building codes; creating the Home Builders Licensure Board and imposing licensing fees and penalties for violations of this act."
Section 1 of Act No. 92-608 (entitled "Background and legislative intent") states:
 "In the interest of the public health, safety, welfare, and consumer protection and to regulate the home building and private dwelling construction industry, the purpose of this act and the intent of the legislature in passing it, is to provide for the licensure of those persons who engage in home building and private dwelling construction, including remodelling, and to provide home building standards in the State of Alabama."
The first aspect of the legislative scheme, establishing the Board to regulate the home building industry, concerned itself with who was building houses in rural areas; the second aspect, empowering county commissioners to set standards, concerned itself with how the houses were being built.
Section 17 of Act No. 92-608 (entitled "Sunset Provision"), states:
 "The Home Builders Licensure Board shall be an enumerated board pursuant to §§ 41-20-1 through 41-20-16, Code of Alabama 1975, as amended, and shall be reviewed at the same time as the State Board of Medical Examiners."
Pertinent provisions of the Sunset Act follow: *Page 424 
 "§ 41-20-5. Procedure for review and evaluation of agencies — Commencement and conclusion.
 "Legislative committee review of the enumerated agencies shall begin in the year prior to the scheduled regular legislative session next preceding the date upon which the enumerated agencies are scheduled to terminate pursuant to section 41-20-3, and shall conclude with a recommendation for continuation, modification or termination on or before the first legislative day immediately following said review."
 "§ 41-20-6. [Same] — Public hearings and receipt of testimony generally; burden of establishing public need for continuation of agencies; information to be provided by agencies under review.
 "(a) The sunset committee reviewing enumerated or nonenumerated agencies, shall hold public hearings and receive testimony from the public and all interested parties."
In May 1992, the legislature's Sunset Committee began its review process for those enumerated agencies required by law to be reviewed in 1992. Each agency to be reviewed, including the State Board of Medical Examiners, was notified in writing that the process to be employed involved a public hearing, an examination by the State Department of Examiners of Public Accounts, and a subsequent recommendation to the legislature by the Sunset Committee. The Sunset Committee held its final meeting for the year 1992 on September 24, to vote on the reviewed agencies.
During the months of August, September, and October 1992, members of the Home Builders Licensure Board were appointed, as statutorily prescribed, and the Board held its first meeting on October 15, 1992. On November 2, 1992, Tish Fuller became the Board's first executive director. On November 24, 1992, Fuller inquired of the Sunset Committee concerning any upcoming review and was told that the Board would not come up for review until the 1996-97 review cycle, the first cycle to occur after the formation and operation of the Board. During the years 1992 and 1993, the Board received no notice from the Sunset Committee and was not subjected to any review process by it.
On May 5, 1993, following review by a legislative committee, the Board's administrative rules and regulations became effective. On July 21, 1993, the Sunset Committee notified the Board that it had instructed the Department of Examiners of Public Accounts that the Board had been terminated. Subsequently, the Board requested an advisory opinion on the matter from the attorney general. We quote, in material part, from the attorney general's response to the Board's inquiry:
 "Given the fact that the Home Builders Licensure Board was not reviewed by the Sunset Committee in the manner set forth by the Sunset Law, and its continued existence was not considered by the legislature, the Board is not automatically terminated on October 1, 1993."
While an attorney general's opinion is advisory and is not binding, we conclude that the attorney general correctly answered the Board's inquiry.
Because of the time frame within which the material events occurred, we affirm the trial court's denial of Smith's petition for injunctive relief. If the Sunset Committee had scheduled the Board for review, along with its review of other state agencies, including the Board of Medical Examiners, in 1992, for a recommendation to the 1993 legislature, its review would have taken place before the Board became fully operational. Indeed, any such recommendation to the legislature regarding the Board would have preceded the county commission's adoption of its first building code, which became effective January 1, 1994. Unless the Sunset Committee has made its review of an agency, as called for by the Sunset Act, a state agency does not fall under the Sunset Committee's ax.
The judgment is affirmed.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice *Page 425 
of this Court pursuant to § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
MADDOX, SHORES, HOUSTON, INGRAM, COOK and BUTTS, JJ., concur.
[1] Because Smith sought a permanent injunction as the sole relief on the merits, we consider this case de novo and not by the customary "abuse of discretion" standard applicable to a temporary injunction.
[2] Ala. Code 1975, § 41-20-1 et seq.