PER CURIAM.
Evan Allen Smith and Ed Smith, individually and in their capacities as representatives of a class of similarly situated persons (collectively, “the plaintiffs”), appeal from a judgment entered on the pleadings in favor of the defendant, Alfa Financial Corporation (“Alfa”), on their claims under the Alabama Consumer Credit Act, § 5-19-1 et seq. (the so-called “Mini-Code”), as amended. We reverse and remand.
The plaintiffs, claiming to be debtors of Alfa, filed their complaint in the Jefferson County Circuit Court on May 15, 1996, seeking an amount “equal to the interest charges on [their] consumer loans, plus costs, attorney’s fees, and all other appropriate relief’ based upon Alfa’s alleged failure to secure a license to make consumer loans as required by § 5-19-22, a portion of the Mini-Code. Alfa moved to dismiss these claims based upon the provisions of Act No. 96-576, Ala. Acts 1996, which became effective on May 20, 1996, and upon the plaintiffs’ purported failure to allege “any actual economic damages.” *845 This motion was denied by the trial court; however, Alfa again asserted these defenses in its answer to the plaintiffs’ complaint. The plaintiffs then amended their complaint to allege the unconstitutionality of the retroactive application of Act No. 96-576 to their claims, citing § 95 of the Alabama Constitution of 1901.[1]
After the plaintiffs had amended their complaint, Alfa filed a motion for judgment on the pleadings, pursuant to Rule 12(c), Ala.R.Civ.P., again raising its contentions regarding the applicability of Act No. 96-576 and the issue of whether the plaintiffs were seeking actual damages. The parties then filed detailed briefs outlining their positions on the motion; after considering these briefs, the trial court entered a judgment on the pleadings in favor of Alfa. The plaintiffs appealed to this court on the stated basis that their complaint seeks less than $50,000 in damages, contending that the trial court erred as a matter of law in entering a judgment in favor of Alfa on the pleadings.
We apply the standard of review applicable to a judgment entered on the pleadings pursuant to Rule 12(c), Ala.R.Civ.P.:
“ ‘A Rule 12(c) motion for judgment on the pleadings disposes of' a case when the material facts are not in dispute.’ McCullough v. Alabama By-Prods. Corp., 343 So.2d 508, 510 (Ala.1977). When such a motion is made, the trial court reviews the pleadings filed in the case and, if the pleadings show that no genuine issue of material fact is presented, the trial court will enter a judgment for the party entitled to a judgment according to the law.’ B.K.W. Enterprises, Inc. v. Tractor & Equip. Co,, 603 So.2d 989, 991 (Ala.1992). Moreover, a judgment on the pleadings is subject to de novo review, and the facts in the complaint are to be accepted as true and are to be viewed in the light most favorable to the nonmoving party. See Ortega v. Christian, 85 F.3d 1521, 1524-25 (11th Cir.1996).”
Harden v. Ritter, 710 So.2d 1254, 1255 (Ala.Civ.App.1997).
Section 95 of the Alabama Constitution of 1901 provides, in pertinent part:
“After suit has been commenced on any cause of action, the legislature shall have no power to take away such cause of action.... ”
The specific question of law presented by this appeal is whether the trial court’s application of Act No. 96-576 so as to preclude the plaintiffs’ action violates § 95 of the Alabama Constitution of 1901.
The Mini-Code was first enacted in 1971. Among other things, the Mini-Code vested regulatory power over consumer lenders in the superintendent of banks of the state banking department (identified in the Mini-Code as the “administrator”). Since its passage, the Mini-Code has required all creditors that engage in the business of making consumer loans or taking assignments of consumer credit contracts and that are not expressly exempted from the operation of the Mini-Code to obtain a license from the administrator as a condition of doing business in this state. Ala.Code 1975, § 5-19-22(a). The Mini-Code accords the administrator broad powers of enforcement with respect to its requirements of the Mini-Code, and sets forth criminal penalties for certain particular violations thereof. However, the Mini-Code as originally enacted did not provide for any specific private cause of action for its enforcement, although it did not expressly preclude such a cause of action.
In Derico v. Duncan, 410 So.2d 27 (Ala.1982), the Alabama Supreme Court held that the Mini-Code renders void and unenforceable any contract made in violation of its provisions. The court concluded that the Mini-Code was enacted for the protection of the public and that compliance with *846 its provisions was necessary to the validity of a consumer credit contract. Thus, the Mini-Code was held to have vested a cause of action for its enforcement in private citizens, as this court recognized in Edwards v. Alabama Farm Bureau Mut. Cas. Ins. Co., 509 So.2d 232 (Ala.Civ.App.1986) (ordering refund of all payments made to creditor lacking required license under the Mini-Code), cert. quashed, 509 So.2d 241 (Ala.1987).
In 1990, the legislature altered this private cause of action by amending the Mini-Code to provide:
“Except where other specific remedies are provided in this chapter for violations of specific provisions of this chapter in which event such remedies shall apply, any provision of a consumer credit transaction which violates the provisions of this chapter shall be unenforceable by the creditor to the extent, but only to the extent, of such violation, and the other remaining provisions and agreements shall not be affected by such violation. Any creditor who fails to comply with any requirement imposed under this chapter with respect to any person is liable to such person for the actual damage sustained by such person as a result of the failure.”
Ala.Code 1975, § 5-19-ll(b) (repealed). The Alabama Supreme Court summarized the effect of this amendment in Farmer v. Hypo Holdings, Inc., 675 So.2d 387, 389 (Ala.1996):
“As enacted, the Mini-Code provided no specific remedy to the consumer/debtor for a creditor’s failure to be licensed.' Under the common law rule of Derico, the promissory note and the mortgage would be held void and unenforceable. However, as noted in the special writings directed to this Court’s recent ‘no opinion’ affirmance in Johnson v. Alabama Power Co., 664 So.2d 877 (Ala.1995), the rule of Derico was abrogated when the legislature amended Ala.Code 1975, § 5-19-11, and created a specific statutory remedy. See Ala. Acts 1990, No. 90-384. As amended, § 5 — 19—11(b) provides that a debtor may recover only for the actual damage sustained as a result of the creditor’s violation of a Mini-Code requirement. Johnson, supra; In re Crotzer, 147 B.R. 252 (Bankr.N.D.Ala.1992).”
Thus, although the legislature in 1990 did not abolish the cause of action recognized by the Derico court, it did alter the remedy for certain violations of the Mini-Code. Under § 5-19-11 after its 1990 amendment, a Mini-Code violation without a specific remedy set forth in the Mini-Code itself would give rise only to a right to recover for actual damage flowing from the violation; it would no longer render the credit contract void, as under Derico.
Act No. 96-576, unlike the legislature’s 1990 alteration of the Derico cause of action, is designed to abolish private causes of action for violations of § 5-19-22. Not only does it repeal § 5-19-11 in its entirety, it specifically amends § 5 — 19—19(b), another portion of the Mini-Code, to provide that “[n]o private cause of action exists against a creditor for failing to obtain a license required by Section 5-19-22.” Act No. 96-576, § 2. In addition, Act No. 96-576 contains an unusual provision stating that the pertinent “amendments to Sections 5-19-19 ... are retroactive and are to be applied to consumer credit transactions entered into on, before, and after the effective date of this act.” Id. § 4.
Further, unlike the legislature’s 1990 amendment limiting recovery to actual damages, Act No. 96-576 is not “remedial” [2] in nature. Act No. 96-576 goes much further than merely addressing the remedies of a private party — its effect is to abolish substantive causes of action inur *847 ing to private parties under the Mini-Code. A private party may no longer sue a creditor that should have obtained a license under § 5-19-22 for actual damage flowing from the creditor’s prohibited conduct — Act No. 96-576 not only repeals the remedial provisions of § 5-19-11, but also affirmatively declares that “[n]o private cause of action exists against a creditor for failing to obtain a license required by Section 5-19-22.” Act No. 96-576, § 2 (now codified as § 5 — 19—19(b), Ala.Code 1975) (emphasis added).
We emphasize that the tvisdom of the legislature’s decision to abolish private causes of action for alleged violations of the licensure provisions of the Mini-Code is not at issue, here, nor is its power to apply its decision to acts occurring or actions filed after the effective date of Act No. 96-576. However, in § 95 of the Alabama Constitution of 1901, the people of this state placed into our fundamental law the principle that the initiation of a civil action abrogates the legislature’s ability to take away the cause of action upon which the plaintiff seeks relief. Under § 95, Act No. 96-576 cannot apply to deprive the plaintiffs of their right to seek damages from Alfa for actual harm caused by its alleged failure to comply with the licensure provisions of the Mini-Code.[3]
Moreover, the plaintiffs in this case sought damages for harm compensable under § 5-19-11. The complaint alleges that the plaintiffs “have been damaged in the amount of interest charged on the consumer loans from the defendants as the defendants were not licensed under ... § 5-19-22 and thus had no right to impose interest charges against the plaintiffs.” The complaint seeks a judgment in an amount “equal to the interest charges on the consumer loans” plus costs, attorney fees, and any other appropriate relief.
This relief is proper under § 5-19-11 as it was interpreted before its repeal. See Johnson v. Alabama Power Co., 664 So.2d 877, 878 (Ala.1995) (Houston, J., concurring). In his concurring opinion in Johnson, Justice Houston wrote:
“[Bjecause Alabama Power Company was not licensed under § 5-19-22 to, make consumer loans before June 28, 1989, it had no statutory authority to charge interest in connection with the financing of its heat pumps or other merchandise sold before that date. The only actual damage sustained by the plaintiffs as a result of the licensing violation ivas the contractual requirement that they pay interest on their loans. Thus, the trial court’s order requiring a refund of the interest paid by the plaintiffs to Alabama Power Company, but otherwise leaving intact the plaintiffs’ contractual obligations to pay for the merchandise purchased, was proper.”
664 So.2d at 878 (emphasis added). It should be noted that while Johnson was an affirmance without opinion, Justice Houston’s special concurrence was published by the reporter of decisions in accordance with Rule 58(c), Ala.R.App.P., and his concurring opinion thus falls outside the scope of Rule 53(d), Ala.R.App.P., prohibiting citation to unpublished judgments of the Alabama Supreme Court. See also Farmer v. Hypo Holdings, Inc., 675 So.2d 387, 389 (Ala.1996) (citing special writings in Johnson as authority).
Moreover,, even were interest charges not compensable under § 5-19-11, the plaintiffs’ failure to include the magic words “actual damage” does not at the pleadings stage defeat their right to recovery. “[I]t is a court’s duty to grant whatever relief is appropriate in a case on the basis of the facts proved, regardless of *848 whether the party specifically demanded such relief in his pleadings.” Johnson v. City of Mobile, 475 So.2d 517, 519 (Ala.1985).
Based upon the foregoing facts and authorities, the trial court’s judgment on the pleadings applying Act No. 96-576 so as to bar the plaintiffs from proceeding with their claims under the Mini-Code is reversed, and the cause is remanded for further proceedings.
MOTION TO STRIKE DENIED; REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY, J., concurs in part and dissents in part.
THOMPSON, J., dissents.

. This amended complaint was served, pursuant to § 6-6-227, Ala.Code 1975, upon the attorney general, who thereafter filed an "Acceptance and Waiver” of his right to be heard.

. In Ex parte Bonner, 676 So.2d 925, 926 (Ala.1995), the Alabama Supreme Court noted that "remedial statutes ... do not create, enlarge, diminish, or destroy vested rights ... but preserve and enforce the right and heal defects in existing laws prescribing remedies."

. Because we reach the conclusion that § 95 of the Alabama Constitution of 1901 prevents application of Act No. 96-576 to the plaintiffs' claims, we have not considered the plaintiffs' arguments in their brief on appeal that pertain to the constitutionality of the retroactive application of Act No. 96T576 under § 22 of the Alabama Constitution of 1901, and we deny as moot Alfa's motion to strike those arguments.