THOMPSON, Judge,
dissenting.
I would affirm the partial summary judgment. I believe the trial court properly determined that the Smiths failed to allege any actual damages.
The per curiam opinion cites a concurring opinion in a memorandum affirmance by the Supreme Court, Johnson v. Alabama Power Co., 664 So.2d 877 (Ala.1995), as authority for today’s holding that a cancellation of the interest charged on a consumer loan is proper relief under § 5-19-11, Ala.Code 1975. See 762 So.2d at 847. The fact that the Supreme Court decided Johnson without writing an opinion indicates that it chose not to set out the facts of that case and not to explain its application of the law to those ■ facts. Therefore, using that memorandum affir-mance as authority involves invoking guesswork on the part of this court.
“(d) Unpublished Decisions Not Precedent. Orders or judgments of the Supreme Court and the Court of Civil Appeals not published in the official reports have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrines of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar.”
Rule 53(d), Ala. R.App. P. Although Rule 53(c), Ala. R.App. P., provides for the publication of concurring or dissenting opinions issued- with a memorandum affir-mance, it is axiomatic that special concurrences or dissents, even when they relate to published opinions, are not precedential authority.
Actual damages are synonymous with compensatory damages. Skipper v. South Central Bell Tel. Co., 334 So.2d 863 (Ala.1976). “Compensatory damages” or actual damages are intended “to restore the injured party to the position he or she was in prior to the injury.” Black’s Law Dictionary 390 (6th ed.1990). The Smiths did not allege that, had AFC been licensed, they would have paid less interest or no interest, or that another creditor, properly *849 licensed, would have charged less interest or no interest on similar loans. Also, the 1990 amendment to the Mini-Code, under which the Smiths claim damages, abrogated the earlier common-law rule that principal and interest were recoverable where the creditor was not properly licensed. See Farmer v. Hypo Holdings, Inc., 675 So.2d 387 (Ala.1996); Cantrell v. Walker Builders, Inc., 678 So.2d 169 (Ala.Civ.App.1996).
The Smiths do not contend that the licensing provisions of § 5-19-22, Ala.Code 1975, give AFC the authority to charge interest on any loan it makes or that the failure to obtain the license thus prevents AFC from charging interest on a loan. I would hold that the interest charged on a loan by an unlicensed lender does not represent actual damage to the debtor without some allegation and evidence that a licensed lender would charge no interest or less interest than the unlicensed lender charged.
I would affirm the trial court’s judgment on the pleadings because the Smiths have not alleged that they suffered any actual damage as a result of AFC’s failure to obtain the proper license under § 5-19-22. Therefore, I respectfully dissent.