SEE, Justice
(concurring specially).
I concur in quashing the writ of certiora-ri issued to the Court of Civil Appeals. I write specially to address the points raised in the dissent.
The issue in this case is whether Jefferson County is authorized under local Act No. 405, 1967 Ala. Acts 1021 (Regular Session), to impose on an appliance retailer located in Walker County and having no physical presence in Jefferson County the duty to collect Jefferson County sales taxes on sales of appliances that are delivered to customers in Jefferson County. The dissent, relying on Ala.Code 1975, § 40-23-1(a)(5) and (11), states that Jefferson County is authorized under Act No. 405 to collect county sales taxes on these sales because the sales are closed in Jefferson County and, thus, the Walker County retailer, Yelvertoris, Inc., is doing “business” in Jefferson County. The dissent further states that Alabama Department of Revenue regulation 810-6-3-.51 (“regulation .51”) is not applicable to the sales tax levied by Jefferson County under Act No. 405, and that, even if it were applicable, regulation .51 is preempted by Ala.Code 1975, § 11-3-11.2.
Section 3 of Act No. 405 levies a sales tax “upon every person required to pay, on account of business done by him in the county, the State sales tax or upon whom, on account of business done by him in the county, the State sales tax is levied.” Act No. 405, § 3(b), 1967 Ala. Acts 1021, 1023. Thus, under Act No. 405, only those persons who are doing business within Jefferson County are required to collect Jefferson County sales tax. Although Section 3 does not specify what constitutes doing “business,” for purposes of imposition of the county sales tax, § 4(e) of Act No. 405, which provides for the levy of a county use tax, expressly recognizes that the county sales tax is to be collected only “from a retailer maintaining a place of business in the county.” Id. § 4(e), 1967 Ala. Acts at 1026. Therefore, under Act No. 405, Yelvertoris, which does not maintain a place of business in Jefferson County, is not required to collect Jefferson County sales tax'.
Further, Act No. 405 incorporates by reference, and makes applicable to the county sales tax, “[a]ny procedure or provision involving the State Department of Revenue” that is provided for in the state sales-tax statutes. Act No. 405, § 3(h), 1967 Ala. Acts 1021, 1025. One such procedure or provision that is incorporated in Act No. 405 and made applicable to the county sales tax is regulation .51.[1] Under regulation .51, only those “sellers located in [the] city or town” are required to collect local municipal sales tax.[2] Ala. Admin. Code r. 810-6-3-51(2). Therefore, under regulation .51, as incorporated by Act No. *1226 405 and made applicable to Jefferson County sales tax, Yelverton’s is not required to collect Jefferson County sales tax, because it is not located in Jefferson County.
The dissent contends that regulation .51 is preempted by § 11-3-11.2. Section 11-3-11.2 provides in pertinent part that the provisions of any local act that authorizes the levy of a local tax and that was enacted before February 25, 1997, prevails over any inconsistent rules and regulations of the Department of Revenue. However, because regulation .51 is incorporated into Act No. 405, it is not inconsistent with Act No. 405. Thus, there is no preemption.[3]
Although the sales involved in this case are not subject to Jefferson County sales tax, they do not escape all Jefferson County taxes. Section 4 of Act No. 405 levies a county use tax on “[e]very person storing, using or otherwise consuming in the county tangible personal property purchased at retail.” § 4(e), 1967 Ala. Acts at 1026. Unlike the county sales tax, the imposition of the county use tax does not depend on “whether the retailer who made the sale is or is not engaged in business in the county.” § 4(a), 1967 Ala. Acts at 1025.
Because Jefferson County is not authorized under Act No. 405 to collect from Yelverton’s county sales tax on the sales at issue in this case, I concur in quashing the writ of certiorari.

. Ala.Code 1975, § 40-23-31, authorizes the Alabama Department of Revenue to promulgate such rules and regulations.

. In its amicus curiae brief, the Department of Revenue states that regulation .51 follows the decision of the United States Supreme Court in Miller Brothers Co. v. Maryland, 347 U.S. 340, 74 S.Ct. 535, 98 L.Ed. 744 (1954). In Miller Brothers Co., the United States Supreme Court held that the Commerce Clause of the United States Constitution requires that an out-of-state seller have a physical presence in a state in order for that state to have the power to impose on the seller the duty to collect and remit state use and sales taxes. See 347 U.S. at 345-46[, 74 S.Ct. 535], The physical-presence rule was reaffirmed in Quill Corp. v. North Dakota, 504 U.S. 298, 308, 112 S.Ct. 1904, 119 L.Ed.2d 91 (1992). As stated in its amicus curiae brief, the Department of Revenue has interpreted regulation .51 for several years as requiring a seller to have a physical presence in a local taxing jurisdiction in order to be subject to that jurisdiction’s taxes. This Court gives substantial deference to an agency’s interpretation of its own regulation, unless the interpretation is plainly erroneous or inconsistent with the regulation. See Brunson Constr. & Environmental Services, Inc. v. City of Prichard, 664 So.2d 885, 890 (Ala.1995); see also Haden v. McCarty, 275 Ala. 76, 152 So.2d 141 (1963) (holding that the Department of Revenue’s interpretation of its own regulation, an interpretation that had been in effect for 22 years, was highly persuasive authority).

. Jefferson County did not present its § 11 — 3— 11.2 argument to the trial court, and the trial court did not rule on it. Moreover, § 11-3-11.2 became effective May 15, 1996, more than a year after the commencement of this case and almost two years after the period audited by Jefferson County.